Mr. Rice, this case on the docket, proceeding at 16-0020, the people of the state of Illinois, plaintiff at lease, do Michael R. Rice, Jr., defendant of counts, arguing on behalf of the defendant of counts, Mr. Christopher M. McCoy, arguing on behalf of the plaintiff at lease, Mr. Marshall M. Steele. Mr. McCoy. You may proceed. Thank you. May it please the court. Counsel. My name is Christopher McCoy from the Office of the State Appellate Defender, and I represent Mr. Michael Rice. There are three disputed issues in this case. The first involves ineffective assistance of counsel. The second, the deprivation of counsel. And third, the public defender fee. On the first issue, trial counsel is ineffective for not offering a limiting instruction regarding the co-defendant's prior consistent statements and not objecting to the state's use of those statements as substantive evidence in its closing arguments. On the ineffective assistance of counsel claim, you agree we examine the entire record, not just segments of the record, correct? Yes. And defense counsel in this case was successful, was she not, in having the defendant's written statement excluded? Yes, Your Honor, but that The Lake County State's Attorney's Office, because of a discovery violation, she was successful in eliminating a big piece of evidence, a written statement on the defendant, correct? That's correct. And how about the fact that she said in her opening statement that you're going to hear that the details changed, that these witnesses gave different statements, different views over the course of the investigation? From the written initial statements to the police, it changed when they gave their court reporter proper, correct? Correct. But why would she ask for a limiting instruction? Well, her strategy was to impeach the co-defendant's credibility. You just hit the nail on the head, her strategy. Right, and it would be consistent with and enhance that strategy to ask for a limiting instruction. In Lambert, was there a confession in Lambert? There was not a confession in Lambert. There was a confession, correct? Correct. So where's the prejudice? The prejudice comes from the fact that the credibility of these co-defendants was crucial to the state's case. The trial judge recognized that at the post-trial hearing. And the jury not being informed of the limited purpose for which these consistent statements were admitted greatly enhanced the co-defendant's credibility. It allowed the jury – the jury didn't know. They couldn't consider them as substantive evidence. They didn't know that their rehabilitative purpose was limited to rebutting the inference of recent fabrication arising from a plea brief. So because of that, the jury was able and likely to indulge in the natural layperson reaction, which is repetition implies veracity. Because the co-defendants repeated themselves, they must be telling the truth. But there were various – That's not what the prosecution argued, is it? Well, what the prosecution argued was – and in our briefs we've quoted the two objectionable statements. But what the prosecution argued was that they lumped the prior consistent statements together with all the other evidence in this case and said that the jury could consider it to decide whether or not this defendant committed these crimes. By lumping it all together, didn't that dilute the value of the repetitive statements? Well, what it did was tell – basically tell the jury they could consider it in the same light as all the other statements. And this is powerful. There's a reason prior consistent statements are generally inadmissible because of this layperson inference that is improper and that we don't want the jury just assuming this is the truth because it's been repeated multiple times. Would you agree that ordinarily where a prior consistent statement is properly admitted – and you don't deny that, correct? The trial court was correct in admitting the statement. Yes. Ordinarily, the failure to give a limiting instruction would not be error, especially where there's no IPI on it, correct? I disagree on that. What case do you have that says that it's error? Lambert. Lambert held that the not – having – In Lambert, the court looked at all the evidence, and there was no confession in Lambert. And the two crucial witnesses that talked about the mistake dwelled upon it were the only evidence found to be a crime. That's not the case here. Right. That's the – on the prejudice problem. On the deficient performance problem, Lambert said it was reversible error to find that the State argued these prior consistent statements as substantive evidence and to not offer a limiting instruction. And we noted in Lambert, the court noted – I believe Justice McLaren wrote it – that the trial court completely abdicated its role by allowing the prosecutor to enter evidence substantively. The evidence was admitted substantively, and the trial court allowed the prosecution to argue the evidence as substantive evidence, correct? Well, in this case, the jury had no indication that this evidence wasn't admitted substantively. Every indication they had was that they could consider this evidence just like they could consider every other evidence. That's why a limiting instruction is required in this case. Assuming arguendo that it was error not to inform the jury of the limited nature of their ability to consider and weigh the prior consistent statements, as Justice Burkett has pointed out, there's a confession in this case. So even if we assume arguendo that error occurred for failure to limit, how does this prejudice your client? Well, again – When, quote-unquote, the evidence would appear to be overwhelming. I disagree that the evidence is overwhelming. Here, again, as the trial court stated, the credibility of these co-defendants was central to the State's case. There's no physical evidence linking the defendant to the crime, no phone records admitted, anything of that nature. Basically, the State has three things. They have Cynthia, they have Eric, and they have the defendant's confession. So two of the three legs that the State's case is standing on are being greatly enhanced by these prior consistent statements. Now, in terms of the defendant's confession, it wasn't recorded. It wasn't written down. Was it a confession or merely admissions to certain elements of the crime? I guess I don't see the distinction between those. Well, a confession is an acknowledgment of guilt. An admission may or may not be a confession to the extent that an admission may be, yes, I was there, or yes, I got some of the money, or yes, I broke the window and opened the lock and then opened the window or the door to gain access or something like that. Well, in this confession, he admitted going into the house and then participating in taking the guns. The ‑‑ and we're not arguing that a ‑‑ some jury could ‑‑ it's not a reasonable doubt argument. We're not saying that a jury couldn't convict the defendant. A jury could convict the defendant here, but this is an ineffective assistance argument. So we are just saying that this is not a verdict that we can have confidence in because of ‑‑ Does this call into question the integrity of the judicial system and your process in general? Well, in this case where, again, it just goes back to how central the co‑defendants are to this case and how, again, why prior consistent statements are generally inadmissible, because they are particularly harmful. One of the important details that defense counsel brought out was that in the original statements to the police, particularly I believe it was Freeman, she did not mention the bag with the gloves in it, correct? Correct. And that was important, wasn't it, for the jury to know that these were details that were after added, after they got a favorable plea offer, when they add details? Yes, but that doesn't excuse the lack of a limiting instruction. Why would ‑‑ I mean, the point was they're liars. These witnesses are bought and paid for. That was the point that the defense counsel was trying to drive home. There was no other physical evidence. They bought these witnesses with these plea deals. Why would a defense attorney in those circumstances, what does it matter? Whether it's admitted substantively or for impeachment purposes, if your theory is these witnesses are liars, they're bought and paid for. That was her statement. She said it in an opening statement. She brought out the details during cross‑examination, and she argued it. Yeah, there is a difference, though, between admitting something substantively and admitting it for a limited rehabilitative purpose. Well, I understand what you're saying. But the strategy was she wanted to point out that these witnesses were bought and paid for. They changed the details. How would a limiting instruction affect that strategy? What it would do, well, so to just step back a moment before getting to answer your question, her strategy obviously is to impeach the credibility of the co‑defendants. The state introduces the prior consistent statements to rebut that, to hurt her intended purpose. She objects to the admission of those statements. So it stands to reason she wants those prior consistent statements admitted for the most limited purpose possible, and that is to rebut this one area where she's impeached them, the one area of their plea agreement. There's all kinds of other credibility problems they have. They contradict each other. They're contradicted by the victim in this case. So you would want the jury to know these prior consistent statements, A, can be considered for the truth of the matter asserted. B, only go to the fact that of this plea agreement. It doesn't cure or fix the problems with all the rest of the problems with the witness's credibility. So that enhances her strategy. That helps her strategy. She's not using these statements as substantive evidence. She doesn't want to use them as substantive evidence because then the jury is considering them for the facts that are asserted in these statements. And if they're considering them for those facts, then those facts implicate her client. So it stands to reason she would want, again, a limited purpose. Well, it cuts both ways, it looks like to me. It could be advantageous on the one hand or disadvantageous on the other. But it looks like it cuts both ways. And if that's the case, isn't that pure strategy? No, no, because what she uses is the inconsistent portions of the statement. Which actually helps her argument. Correct. Because, as Justice Burkett pointed out, you can see each statement gets a little bit more detailed and a little bit better and describes a little bit more, which really is her argument that, hey, these people are just enhancing their story as time goes on. But that's not asking the jury to consider it substantively. That's asking the jury to consider it for impeachment value. And again, she objects to the part of the insistence statement. She doesn't want them in at all. So once that happens, the reasonable counsel would want them coming in, again, for the most limited purpose they could come in for. Could we address the hearing on the motion of innocence? Sure, sure. Can I ask one question or at least make a comment? Is it your position that the defense counsel wouldn't have been remiss if counsel hadn't raised the argument that this was newly manufactured evidence or testimony? Yes, yes. So therefore, it was required of counsel to do so. And if it was required of counsel to do so, then it's also required that prior consistent statements must be admitted. And if they are admitted, and as Justice Spence indicated, supplemented by Justice Burkett, you're suggesting that it can't be used substantively, but how will the jury be able to slice the bologna so thin that you'll get an infinite number of slices from the bologna insofar as determining credibility for the impeachment factor versus the substantive aspects of the evidence? Well, we assume the jury follows the court's instructions and as pointed out in Lambert, this instruction should be given. And so there has to be a difference or else. Again, in Lambert, the point that this court made, the trial court completely abdicated its responsibility and the prosecution was given free reign to make arguments that the prior consistent statements were substantive evidence. Correct. And that was error because they should not have been allowed to, in addition to the court abdicating its role, it was error because these statements are not admissible as substantive evidence. That's established by rule of evidence 613C, long line of Supreme Court precedent. And so, again, because we have made this distinction and this distinction exists in law, we have to assume the jury is going to follow it or else this whole line of case law and, again, this rule of evidence is just superfluous. You said a whole line of case law. Lambert is the only case that really addresses any issues specifically, correct? No. Also, there is Peabody Randolph, which was a – this is cited in our brief, a 2014 case from the 1st District where the State erred in arguing the prior consistent statements as substantive evidence. Peabody Walker. Did Randolph say an instruction had to be given? It was improper bolstering, and they cited Smith. Randolph, it was improper bolstering. Randolph also mentioned the failure to give a limiting instruction. Peabody Walker, there was also a failure to give a limiting instruction. And then in Peabody Smith, and I'm going to mispronounce it. These cases were all in tandem with the arguments of the prosecutors, correct? Correct. And we're also raising an issue regarding the failure to object to the prosecutor's arguments. Please address what Justice Burkett requested. Sure. The second issue is the deprivation of counsel to motion to reconsider a sentence. This is a critical stage of proceedings. So there either has to be a valid waiver of counsel or the defendant has to be represented by an attorney. Here, there's no waiver. The State in its brief says, quote, there was no indication whatsoever that the defendant wanted to proceed pro se. Without the waiver, the question then becomes, was Mr. Rice represented by counsel? Here, the public defender nominally represented him, was physically present in the courtroom, but practically speaking, the defendant was going pro se. He made the argument on his own. Defense counsel refused to make any arguments. The docket sheet says this is a pro se hearing, and the public defender didn't adopt the motion, didn't read the motion. And really what we have is this sort of improper hybrid representation where the defendant doesn't know where he stands. So ultimately, without a valid waiver, without any practical representation, this is a structural error, and this case should be then remanded for further post-sentencing proceedings. Your statement, he doesn't know where he stands, presumes that he's standing. He could have been sitting. So would you kind of explain to me what you actually meant with that cliche? Yeah, he doesn't know if he's represented by counsel, if he has the right to counsel. The judge never informs him of his right to be represented by counsel at this critical stage. He was represented by counsel, correct? In name only. Well, trial counsel had not withdrawn. Trial counsel had not withdrawn. The court could have just simply said your motion is stricken, you're represented by counsel, correct? He's not entitled to file pro se motions. Correct, but that's not what the court did. The court here denied the motion to reconsider a sentence on its merits, and once that on the merits denial happens, real consequences attach to Mr. Rice. That's why this is a critical stage of proceedings. The trial court could have stricken the motion, but because the trial court heard the motion, there's error. Correct, because the court is proceeding to a critical stage where, again, practically speaking, there is no representation and no waiver. There was time taken by the trial court for the defendant to consult with his attorney, correct? Correct. And that was the hearing. Correct, and that consultation only added to the defendant's confusion. Is he going pro se? Is the public defender still representing him? Again, we reach this point of hybrid representation, which is not permissible. Did you allege or claim that defense counsel was infected for failing to move to vacate the ruling on the pro se motion on the basis that it was heard rather than stricken? No, no. And again, the argument is, well, number one, was trial counsel ineffective? Number two, are you ineffective for not raising the argument? I mean, the error in this case comes from the trial judge's actions of forcing Mr. Rice to proceed pro se. And obviously, counsel chose not to read this motion, chose not to make any arguments on this motion, but this is a structural error. So practically, there's no need on appeal to raise ineffective assistance of counsel, because this is not something that can be forfeited or waived. It's second-pronged plain error. So again, the straightforward way of looking at this issue is... Why do you think it's a structural error? Because frankly, I'm not quite comprehending why it's structural. To me, it seems to be more in the future of a procedural error that may be forfeitable or waivable. Because it's a deprivation of counsel. When a defendant does not have counsel, it's impossible to determine prejudice. It's impossible to determine what would have happened. That's why Gideon's view went way right, why you need an attorney at trial. We don't know what is going to happen. We don't know what an attorney would do. That affects the entire structure of the proceedings. And so when that happens, there's no prejudice analysis. It's automatically reversible. And what is the basis for your statement that he didn't have counsel? That trial counsel did nothing. She didn't even read his motion. There's no way she could ethically represent him on a motion she has read, because there's no... How do you know she didn't read the motion? The trial court took time out for the defendant to consult with counsel? Well, what the defendant consulted with counsel about was his eligibility for Class X sentencing. And that wasn't the subject of the motion to reconsider sentence. That wasn't the subject of the defendant's oral arguments on his motion to reconsider sentence. And, in fact, the motion to reconsider sentence was denied before this Class X issue was resolved. So, again... Well, can I interrupt and ask you, are you arguing that the counsel was ineffective? Or are you arguing that the defendant no longer had counsel? Arguing that the defendant no longer had counsel. Despite the fact that counsel was standing or sitting in the courtroom? Correct. I believe it's the Warren or the, excuse me, the Woods case where there was a trial, but the defendant, the defense attorney was in the courtroom, but the court held that, practically speaking, the defendant was without counsel. I mean, just being in court isn't representing the defendant, especially when counsel refuses to do anything to help Mr. Bryce on his motion to reconsider sentence. But, practically speaking, when counsel is totally ineffective, then we can denominate that situation that a defendant doesn't have counsel. I don't believe that this is really an ineffective, ineffective as argument. I think... Well, you said he did nothing. Now, if he did nothing in some other state or some other courtroom, I might agree with your arguments that he didn't have counsel. But when counsel is in the same courtroom at the same time, in the same four-dimensional situation between X, Y, Z, and time, he's there. The question then becomes, can it get so bad that he hoops into a different time dimension and he's not there anymore? I think that situation could occur, but given counsel's comments here, she's just abandoning him to the wind. So I think the proper, perhaps it could be viewed as ineffective assistance of counsel. I think, again, the proper view is that he never gets counsel. My point here is that sometimes hyperbole or exaggeration of a metaphysical or physical situation doesn't really add much to the argument. To say that there was no counsel begs the reality of the situation, and whether or not counsel was so devoid of any action or thought might be a very strong argument for a violation of due process. But I think your time is up unless my colleagues have questions. Thank you. You'll have an opportunity to make rebuttals, sir. Thank you. Mr. Stevens, you may proceed. Thank you. Good morning, Your Honors. Preliminary point, Justice McClaren, you've asked about the nature of the defendant's statement. That's it. The defendant's brief, the statement of facts at page 8, it's excerpted. The detective talked to him, and he pretty much followed along with what Eric and Cynthia said. Eric and Cynthia devised a plan to burglarize the house. They went into Poehler's house, or they went to Poehler's house initially, then they couldn't go in. Then Cynthia lured Poehler away again. They entered through an unlocked back door, took guns, ammunition, monies. They put them in a car. They went to the sunny floor of his apartment. So they pretty much repeated all the state's evidence. So that's either an admission or a conviction. Was there error here insofar as not giving a limiting instruction? No. And again, all you justices have very much directed your comments to what I was going to talk about. We're on the same wavelength. What about? We're on the same wavelength. Well, hopefully so, yes. Can you distinguish Lambert? I don't believe in Lambert. There was an issue that was presented here where there would have been impeachment value, plus that was the issue. I believe that was the one where the judge said, it's your case, knock yourself out or something like that. Lambert has been cited in the new judge seminar as a paradigm for what new judges should never do. And I learned that from one of the professors at the academy. And Lambert is outstanding for the statement that the state basically was given free hand and in the process committed egregious error. And it was not only a condemnation of the state's error. It was also a condemnation of the fact that the judge advocated his position. So this isn't a distinguishing case for at least one of the major points that was raised. Right. And I would distinguish it on that ground. Like I said, I don't want to repeat all the things that have been said. But it was the intention and the strategy of defense counsel was from the very beginning to talk about the progression of statements. It's justice. And all of you really investigated thoroughly. She was very insistent that this was a progressing, getting better as time goes by. And particularly after after the witnesses had a story. No lawyer wants to be labeled as ineffective. And so that's why we look at the entire record. Correct. And in this case, the defendant was class X eligible. Correct. I'm sorry. The defendant was class X eligible. Class X eligible. I'll take the word for it. Pardon me. I take the word for it. I don't recall. It's in the record. He was sentenced as a class X defendant. 11 years. And defense counsel, despite the fact that the defendant was class X eligible, got an offer of five years, one year below the minimum. Well, I think she did a heck of a job. And that was up to the defendant to take or reject the offer. And he said on the record, I want to try. Right. And she still did a heck of a job. So the point's been made. She also was successful in getting the written statement of the defendant kicked. Correct. As you pointed out. The only thing that I could possibly add to your discussion already is that actually I think giving the limiting instruction, as suggested, probably would have been an error in itself when she was so much using the statement for an impeachment purpose. The suggested, the defense suggests that the instruction should be members of the jury. The testimony is admitted for a limited purpose. I take it back. Members of the jury. The prior statement of the witness has been admitted for the limited purpose of rebutting the charge that his testimony is recently fabricated or has emoted to testify falsely. It may only be considered for that. It may be considered only as it may or may not bear on the believability of the witness. It cannot be considered as independent proof of the defendant committed with pride. I think it would be very confusing to a juror where the defense counsel has just spent a heck of a long time arguing this is for impeachment, and then they get this instruction which says, oh, no, it's only to rehabilitate. That's the only point that I would add. Well, that would be the first time a defense attorney's had some inconsistent elements in their defense, though. I mean, that happens on a daily basis. Right. So how could that be error? I'm not following how you say that. Because she's undercutting her strategy. That's her prerogative. If she wants to undercut her strategy, it happens all the time. You throw a lot against the wall and you see what sticks. I mean, there's a lot of it. But then her strategy was don't tell the jury you can't use this for impeachment. Could you address briefly the point that the state used? Do you agree that the state used the prior consistent statements as summaries? No, the state did not use these. The state never pointed out specifically, oh, look, how many times these witnesses repeated their story. Because they repeated their story, they must have. The state referred to these things in very generic terms, these statements, things like that. And in just cursory summing up sort of terms, we think the evidence is good, that sort of thing. There was no specific pointing to the fact that these were repeated statements. Is it a question of strategy insofar as whether defense counsel raises an objection as to recently manufactured evidence or testimony vis-a-vis not doing so? I'm sorry, I'm not quick in that.  It's either a plus or it's a minus. And so if this issue is deliberated upon and a conclusion is taken, the question then becomes if the objection is raised that it's newly manufactured, is it a plus or a minus? Especially in the grand scale of things where supposedly the prior consistent statements add and enhance the testimony such that it becomes almost impossible for the human brain to differentiate between substantive and impeachment and enhancement of credibility or determinations of credibility. Because if the statement that is supposed to be used to determine credibility also is damning, how does a jury make that decision such that maybe it's wiser not to raise the issue in the first place? The issue of? Whether or not this was newly manufactured evidence. I think that that would be a very poor strategy. Or put another way, whenever any accomplice testifies against anyone, any defendant, if it is possible, should the objection be raised that this is newly manufactured evidence, as a matter of course, as a protocol, as a prime indication that this is competent, effective, and representative evidence, I think that that's commonly done, and that's commonly a good strategy, yes. I mean, obviously, one, and this is an accomplice, they're not trustworthy people, they're criminals. They have a motive to do so. And that's what the counsel did here. With respect to the motion reconsider sentence, shouldn't the trial court have either stricken the motion or asked defense counsel whether or not he was or she was adopting the motion? Yes. This is a procedural problem. Defensive alternative such that a yes answer. Both. Actually have an answer to both. So I'm not being slippery here. The court should have said, defendant, you're represented, motion stricken, talk to your attorney. We wouldn't have had that problem. The defense agrees we wouldn't have had that problem. The other part of your question. And this is actually something the defense, I believe, agrees with, is if counsel had said I, much like a political announcement, this is the defendant's motion, I endorse this message, then that wouldn't have been a problem. Because that would have given it the counsel's imprimatur. And so that would have sort of magically solved the problem. In either case, when the defendant didn't have the right to file it, didn't have the right to argue it, I don't see how that becomes a structural error. In a case where the defendant clearly had to represent himself and counsel was there, present, and at one point the defendant turns to counsel after asking the court, may I speak to my attorney and ask the question about the juvenile, the effect of the second, whether or not it was a juvenile charge for the defendant. The one prior conviction. The court, I think, was just trying to be nice and give the defendant. Nice or not, if the defendant is forced to proceed pro se on a motion to reconsider the sentence, we don't even look at prejudice, do we? That's structural. I'm sorry, what? Unless the court sees a waiver from the defendant, you should not have allowed the defendant to proceed pro se, correct? Right. Shouldn't have done it. It wound up being more like a statement and allecution. The motion alleged various grounds from the statute, various factors in mitigation, which the judge didn't address. And then the defendant's actual statement was, basically, I'm not such a bad guy. Look at all these other people. They get worse. The court said, do you have anything to add to this? Under the circumstances, I don't think that there's any indication that the point that he wanted made wasn't made. This is an unfortunate situation. And, again, it's a good reason why we don't encourage hybrid representation. And when unfortunate situations like this occur, where a defendant is forced to proceed pro se without effectively waiving the right to counsel, we set it back, right? I'm sorry? Don't we ordinarily reverse and remand on that issue? I don't see how you could in this case, because, once again, how can you set off the premise you don't have this right in the first place? You don't have the right in the first place. You've been given something extra. And so that prejudice seems to you, how? That's the part that doesn't make sense to me. I mean, so it's either the defense starts off attacking the court, the court forced him to do this. Well, he didn't really, because he was consulting with his counsel all along. Or counsel was ineffective because she didn't take up the motion. But if she had said, oh, okay, here's the motion, now we will hear the defendant, that would have been okay. I'm having a lot of trouble seeing how this prejudice is working. Well, that's why we have right-line rules sometimes. We don't look behind the line. One of the right-line rules is don't let the defendant file a motion, don't file his own motions or argue his own motions when he's represented by counsel. And clearly counsel had not quit, had not abdicated. She was going to continue filing things. She spoke about investigating the impact of the prior convictions. The court was very amenable to reopening or to withdraw the notice of appeal, to allow any further argument to be made. There was no indication that there was a breakdown. Is there any evidence in the record that counsel's failure to do the argument, the fact that counsel didn't do anything, was that an issue or question of strategy? In other words, is there any evidence to indicate that defense counsel contemplated, deliberated upon and concluded that what she should do as a matter of strategy was to do nothing? In order to set up the situation? If she thought of that, she's a genius. Or serendipitous. Any other questions? Thank you very much. Mr. McCoy, you may proceed. To follow up on Justice McClain's question at the end of my opening argument, as held in People v. Woods, the attorney physically being present in the courtroom, that's not enough to say that the defendant was actually represented. He was effectively on his own. In fact, the public defender said, this is Mr. Rice's motion. I have not adopted it. I have not even seen it. And then later on, the trial court asked Mr. Rice, is there anything you wish to say to your motion to reconsider? So the defendants are coming out on his own. The public defender is not doing anything to help him with this motion. And it's a different situation than if the public defender just got up there and rested on the motion. Because in that case, the attorney has ethical duties to zealously represent a client, to not present frivolous motions, and we can't just ignore these ethical duties. If the defendant didn't notice or notify counsel nor give counsel a copy of the motion, then is it unreasonable to conclude, or is it reasonable to conclude, that defense counsel shouldn't adopt anything until they at least have read it? Because there could have been some contentious, scurrilous statements in the motion. Correct. What the court should have done here was to take a recess, allow the defendant to talk to his attorney, allow defense counsel to read this motion, and then decide if she's going to adopt it. Well, did the defendant ask that that happen? Well, it's not the defendant's obligation to ensure that it's... I'm not suggesting that it is. I'm setting up a situation where it could very well be that the defendant invited error on the basis that he just walked in through something against the wall to see if it would stick. I don't see how you could invite error when the court is forcing him to go pro se. He never requests to go pro se. He never, again, unequivocally waives his right to counsel, which is the requirement when we're at a critical stage, which each motion we consider sentences. I'm suggesting to you that if you don't apprise counsel of issues that you think, as a defendant, should be raised by counsel, that it's not appropriate for counsel to jump in where no one fears and adopt or argue something that the defendant hasn't presented in a timely fashion. I'm not suggesting it is. The attorney needs to perform her ethical duties to review this, to discuss with her client, and to decide if there's going to be a post-trial or post-sentencing motion and what's going to be in that post-sentencing motion. What about forfeiture? This argument was not raised at all, correct? Correct. And this is, again, the deprivation of counsel's second-pronged plain error. Again, structural errors, there's no forfeiture on that basis. In Woods, was that the contention that the lawyer did nothing? That was a trial, correct? Correct. Not a post-trial motion? Correct. But, again, in both situations, this is a critical stage. Then there is real consequences that attach once the judge denies this motion on the merits, which is what occurred here. And, as the State points out, counsel was still involved in the case and was still researching issues on behalf of the defendant after this hearing where he was forced to pursue pro se, correct? Correct. But, again, not only representing the defendant is not enough to have actual counsel in your case. On the merits, on the merits of the overall sentencing posture, was there any merit to a motion reconsidered given the defendant's criminal history, 11 years on class X? Well, I don't believe that's a proper consideration in this case because we're dealing with structural error, there is no prejudice analysis. I'm asking that question. We didn't raise an excessive sentencing argument in our breach, no. But, again, whether or not – because counsel is so critical to every stage of the proceedings where you have real consequences, it's a – there is no prejudice analysis in this case. And so it's really – it's not dispositive whether or not – the court doesn't need to consider the merits of the motion. One issue we have not discussed is the public defender. There was no hearing. Correct. Correct. It's not a – we never mentioned it except in this one document that come along here. So it should be vindicated out there. Okay. Thank you. The case will be taken under advisement over a short recess.